THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| LAWRENCE THAIN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>DR. BURNHAM,<br><br>　　　　　　Defendant. | **MEMORANDUM DECISION & ORDER REGARDING SERVICE OF PROCESS**<br><br>Case No. 4:20-CV-122 DN<br><br>District Judge David Nuffer |

　　　　Plaintiff, Lawrence Thain, a Utah state inmate, filed this *pro se* civil-rights complaint, *see* 42 U.S.C.S. § 1983 (2021), proceeding *in forma pauperis*, *see* 28 *id.* § 1915. Based on review of Complaint, (ECF No. 5), the Court concludes that official service of process is warranted. *See* 28 U.S.C.S. § 1915(d) (2021) ("The officers of the court shall issue and serve all process, and perform all duties in such cases."). Under Federal Rule of Civil Procedure 4(c)(1), the Court requests waiver of service from Defendant **Dr. Burnham**.

　　　　**IT IS ORDERED** that:

**(1)** The Clerk of Court shall mail:

　　**(a)** Notice of a Lawsuit and Request to Waive Service of a Summons, AO form 398; 2 copies of Waiver of the Service of Summons, AO form 399; and copy of Complaint, (ECF No.5), and this Order to: **Utah Department of Corrections, Att'n: Correctional Program Coordinator--3rd Floor DPO Suite, 14717 South Minuteman Drive, Draper, Utah 84020**.

    **(b)** Copies of Complaint and this Order to **Utah Attorney General's Office, Att'n: Litigation Division, Prisoner Litigation Unit, 160 East 300 South, Sixth Floor, P.O. Box 140856, Salt Lake City, Utah 84114-0856**.

**(2)** Defendant is cautioned that Federal Rule of Civil Procedure 4 requires Defendant to cooperate in saving unnecessary costs of service of summons and complaint. Under Rule 4, if Defendant fails to waive service of summons, after being asked by the Court to do so on Plaintiff's behalf, Defendant must bear cost of service unless good cause be shown for failing to sign and return the waiver form. If service is waived, this action will proceed as if Defendant had been served on the day the waiver is filed, except that Defendant need not file an answer until **60 days** from the date on which the waiver request was sent. *See* Fed. R. Civ. P. 4(d)(3). (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant must read the statement at the waiver form's bottom that more completely describes the party's duties about waiver. If service is waived after the deadline given in the Notice of a Lawsuit and Request to Waive Service of a Summons but before Defendant has been personally served, the Answer shall be due **60 days** from the date on which the request for waiver was sent or **20 days** from the date the waiver form is filed, whichever is later.

**(3)** If Defendant does not execute the waiver, attorneys for Defendant must file a notice listing the reasons a waiver has not been provided. The report is due **30 days** from the date the Request was sent.

**(4)** Defendant shall answer the complaint, observing the Federal Rules of Civil Procedure and the following litigation schedule:

    **(a)** If Defendant asserts the affirmative defense of Plaintiff's failure to exhaust administrative remedies in a grievance process, Defendant must,

    **(i)** within **60 days** of date of waiver request, file an answer;

    **(ii)** within **90 days** of filing an answer, prepare and file a *Martinez* report[1] limited to the exhaustion issue; and,

    **(iii)** within **120 days** of filing an answer, file a separate summary judgment motion, with supporting memorandum.

**(b)** If Defendant challenges the complaint's bare allegations, Defendant shall, within **60 days** of date of waiver request, file a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6).

**(c)** If Defendant chooses not to rely on an exhaustion defense and wants to pierce the complaint's allegations, Defendant must,

    **(i)** within **60 days** of date of waiver request, file an answer;

    **(ii)** within **90 days** of filing an answer, prepare and file a *Martinez* report addressing the complaint's substance; and,

    **(iii)** within **120 days** of filing an answer, file a separate summary judgment motion, with supporting memorandum.

---

[1] *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials).

    In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987)*,* the Tenth Circuit explained the nature and function of a *Martinez* report, saying:
> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports.  The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims.  This, of course, will allow the court to dig beneath the conclusional allegations.  These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007.

**(d)** If Defendant wants to seek relief otherwise contemplated under procedural rules, Defendant must file an appropriate motion within **90 days** of filing an answer.

**(5)** Plaintiff may, within **30 days** of its filing, respond to *Martinez* report if desired.

**(6)** Plaintiff must, within **30 days** of its filing, respond to motion to dismiss or summary-judgment motion. For Plaintiff's information and convenience, the Court has attached the procedural rules governing summary-judgment practice.

**(7)** Defendant shall file a reply brief within **14 days** after the date Plaintiff's opposition is filed.

**(8)** A motion to dismiss or for summary judgment shall be deemed submitted as of the date the reply brief is due. No hearing will be held on a motion unless the Court so orders at a later date.

**(9)** Plaintiff must tell the Court of any address change and timely comply with Court orders. *See* D. Utah Civ. R. 83-1.3(e) ("In all cases, counsel and parties appearing *pro se* must notify the clerk's office immediately of any change in address, email address, or telephone number."). Failure to do so may result in this action's dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-- operates as an adjudication on the merits.").

**(10)** Extensions of time are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than **14 days** before the deadline to be extended.

**(11)** No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the Clerk of Court.

        DATED this 28th day of February, 2022.

                BY THE COURT:

                _____
                JUDGE DAVID NUFFER
                United States District Court

# Fed Rule of Civil Procedure 56

## Rule 56. Summary Judgment

- **(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
- **(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.
- **(c) Procedures.**
  - **(1)** *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
    - **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
    - **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
  - **(2)** *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
  - **(3)** *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
  - **(4)** *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.
- **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
  - **(1)** defer considering the motion or deny it;
  - **(2)** allow time to obtain affidavits or declarations or to take discovery; or
  - **(3)** issue any other appropriate order.
- **(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
  - **(1)** give an opportunity to properly support or address the fact;
  - **(2)** consider the fact undisputed for purposes of the motion;
  - **(3)** grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
  - **(4)** issue any other appropriate order.
- **(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:
  - **(1)** grant summary judgment for a nonmovant;
  - **(2)** grant the motion on grounds not raised by a party; or
  - **(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.
- **(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case.
- **(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court—after notice and a reasonable time to respond—may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH LOCAL RULE

## DUCivR 56-1 SUMMARY JUDGMENT MOTIONS AND MEMORANDA

### (effective December 2021)

**(a) Compliance with DUCivR 7-1**. A motion for summary judgment, response, and reply must comply with DUCivR 7-1 in addition to the requirements in this rule.

**(b) Motion**. A party must address all summary judgment issues in a single motion. If a party files more than one summary judgment motion at the same time, the court may strike the motions and require that the motions be consolidated into a single motion. A motion for summary judgment must be titled "Motion for Summary Judgment," be supported by an Appendix of Evidence, as described below in 56- 1(e), and include the following sections:

    (1) <u>Introduction and Relief Requested</u>. A concise statement of each claim or defense for which summary judgment is sought and a clear statement of the relief requested.

    (2) <u>Background (Optional)</u>. An optional section to provide context for the case, dispute, and motion. If included, this section should be placed between the Relief Requested and the Statement of Undisputed Material Facts sections. Factual summaries in the background section need not be limited to undisputed facts and need not cite to evidentiary support.

    (3) <u>Statement of Undisputed Material Facts</u>. A concise statement of the undisputed material facts that entitle the moving party to judgment as a matter of law. Only facts necessary to decide the motion should be included in this section. The moving party must cite with particularity the evidence in the Appendix that supports each factual assertion.

    (4) <u>Argument</u>. An explanation for each claim or defense, establishing, under the applicable supporting authority, why the moving party is entitled to judgment as a matter of law. The argument section should include a statement of each claim or defense on which the party is seeking summary judgment and supporting authorities. Any factual citations must cite to the Appendix.

**(c) Response**. A response to a motion for summary judgment may be accompanied by an Appendix, if applicable, and must include the following sections.

    (1) <u>Introduction</u>. A concise summary explaining why summary judgment should be denied.

    (2) <u>Background (Optional)</u>. An optional section to provide context for the case, dispute, and motion. If included, this section should be placed between the Introduction section and the Response to Statement of Undisputed Material Facts section. Factual summaries in the background section are not limited to undisputed facts and do not need to cite to evidentiary support.

    (3) <u>Response to Statement of Undisputed Material Facts</u>. A party must restate only those specific facts the opposing party contends are genuinely disputed or immaterial, providing a concise statement explaining why the fact is disputed or immaterial and a citation to the evidence used to refute the fact. The responding party should not restate undisputed facts. If a fact is inadmissible, the responding party must object, as provided in DUCivR 7-1(b), rather than moving to strike the inadmissible fact. Any factual citations must reference the appropriate Appendix.

(4) <u>Statement of Additional Material Facts (if applicable)</u>. If additional material facts are relevant to show that there is a genuine dispute of material fact, the party must state each additional fact and cite with particularity to the Appendix that contains the supporting evidence. Do not include duplicate copies of evidence already in the record. Instead, the party must cite to evidence in a previously filed Appendix.

(5) <u>Argument</u>. An explanation for each claim or defense, establishing, under the applicable supporting authority, why summary judgment should be denied. Any factual citations must cite to the appropriate party's Statement of Undisputed Material Facts.

**(d) Reply**. The moving party may file a reply. In the reply, a party may cite to evidence that was not previously cited only to rebut a claim that a material fact is in dispute. Otherwise, a reply may not contain additional evidence, and, if it does, the court may disregard it.

**(e) Appendix of Evidence**.

(1) All evidence cited to in a motion, response, or reply must be compiled in an appendix. Do not include duplicate copies of evidence already in the record. Instead, the party must cite to evidence in a previously filed Appendix.

(2) The Appendix must:

(A) include a captioned, cover-page index that—

(i) lists each exhibit by number;

(ii) includes a description or title of the exhibit; and

(iii) identifies the source of the exhibit;

(B) include complete copies of all exhibits, including deposition transcripts. For lengthy deposition transcripts, the party may submit the relevant pages of the deposition and the 4 pages before and 4 pages after the sections cited. Manuscript transcripts are permitted, unless otherwise ordered by the court.

**(f) Failure to Respond**. When a party fails to timely respond, the court may grant the motion without further notice if the moving party has established that it is entitled to judgment as a matter of law.